### LITTLE v. GALLUS et al.

(Supreme Court, Appellate Division, Fourth Department. April, 1896.)

INJUNCTION—USE OF TRADE SECRETS BY EMPLOYES.

> An owner of a process or invention for manufacturing an article, which was kept secret from all but confidential employés, may restrain former employés from disclosing, or using in a rival establishment, their knowledge thereof, acquired while occupying such confidential relation; and it is immaterial that there was no written contract between them, or that, at the commencement of the employment, the employés were minors, and performed comparatively unimportant duties.
>
> Green and Ward, JJ., dissenting.

Appeal from special term, Monroe county.

Action by Adelbert P. Little against Alfred W. Gallus and others to restrain defendants from using or disclosing secrets of trade or manufacture which belonged to plaintiff, and which defendants Gallus and Bostwick became possessed of while in his employ. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Walter S. Hubbell, for appellant.
Richard E. White and C. M. Allen, for respondents.

ADAMS, J. No specific findings of fact were made by the learned justice before whom this cause was tried at the special term, and it therefore becomes necessary to carefully examine the record in order to ascertain just what the evidence tends to establish. Such an examination discloses the fact that there is really but little conflict between the testimony of the plaintiff and his witnesses, and that of the defendants. The latter, it is true, do not, in express terms, admit all that is testified to by the former; but, nevertheless,

the evidence which they furnish tends, as a whole, to strengthen all the material allegations of the plaintiff, and we think that it may, in consequence, be safely asserted that the following facts are clearly established, viz.:

In 1885 the plaintiff began experimenting with a view to manufacturing typewriter ribbons. At this time he knew nothing of the way in which they were made, but he employed an expert chemist, Dr. Lattimore, of the University of Rochester, to assist him, and, after long and laborious study, accompanied by thousands of experiments, in the course of which he expended large sums of money, he at last perfected a ribbon which was different from any other which was then being manufactured, and which proved a most valuable discovery, and one which enabled him to carry on a large and lucrative business. He associated with him a Mr. Bettys, whom he knew to be an expert machinist, and who aided the plaintiff in perfecting his invention, and has since exercised a general supervision over the business. The processes, appliances, and formulæ which were employed to produce the results obtained in this business were some 15 in number, and care was taken to keep their character and the manner in which they were used a profound secret. The defendant Gallus was employed by the plaintiff in 1883, and prior to his engaging in this particular business, and the defendant Bostwick entered his service in 1892. They were both young men, the former being but 14 years of age, and the latter 19, when entering upon such employment, and, in consequence, their labors at first were only such as might be required of persons of their immature age; but, as they gained in years and experience, the work performed by them became more important and delicate in its character, and the defendant Gallus was ultimately promoted to the position of foreman. They were frequently informed, and admit that they well understood, that the processes employed by the plaintiff in manufacturing his goods were his own invention; that they were to be kept secret; and that the different ingredients employed in compounding these various processes were given peculiar names, in order that no one who might by chance see them should know of what they really consisted. They likewise understood that the plaintiff confided in them, and permitted them to obtain complete knowledge of the different processes and formulæ he was using in his business, in reliance upon their fidelity as his confidential servants. In 1894 the defendants Gallus and Bostwick left the plaintiff's employ, the former having been discharged; and they thereupon associated with themselves other parties, organized the Rochester Ribbon & Carbon Company, and proceeded to manufacture typewriter ribbons of the same character and after the same manner as those manufactured by the plaintiff. The evidence tends to show that, while in the plaintiff's service, Bostwick had obtained a copy of every formula which was in use; and Gallus admits that, even before his discharge, he contemplated manufacturing ribbons on his own account, and he testifies:

"When I commenced this work of starting this company on the knowledge I had, it was what I had gained while with Mr. Little. I proposed to start a

company upon the knowledge I had when I left Mr. Little's employ. * * * I considered myself competent to make the dope on July 20, 1894 [date of his discharge], if I could get the colors, because of the knowledge I had gained while with Mr. Little. * * * Certainly, it was knowledge I had gained there that I proposed to use more or less in the new factory, in regard to the mixing of the compounds, as well as the finishing of the ribbons. The manner of making ribbons as Mr. Little made them was all the way I knew of making ribbons. What I knew in regard to colors and formulæ and the dope which I proposed to use in the new company was all acquired while I was with Mr. Little."

And the defendant Bostwick testified:

"The way Mr. Little made them [ribbons] was the only way I knew how to make them, and, so far as I know, that was the source of Mr. Gallus' knowledge. So, upon what I had learned there, I was going into the business myself."

It seems, therefore, too plain for controversy that the plaintiff was the owner of a process or invention which possessed great value, and which he had secured at the cost of much time, trouble, and expense; that the defendants Gallus and Bostwick, occupying a confidential relation towards the plaintiff, gained a knowledge of the processes and formulæ employed by him in conducting his business; that they well understood the nature of the business, their relations to it, and the care which was used to keep the same secret; and that, notwithstanding the knowledge thus obtained, and in violation of the faith and confidence reposed in them, they surreptitiously made memoranda of these formulæ, and are now using the same, as well as all the other knowledge obtained while in the plaintiff's service, to start and operate a rival establishment. The only question, therefore, to be determined, upon this state of facts, is whether or not they shall be permitted to carry out their intentions. It is contended by the plaintiff that his case is brought directly within the rule laid down in that of Kodak Co. v. Reichenbach, 79 Hun, 183, 29 N. Y. Supp. 1143, recently decided by the general term in the Fifth department. And the defendants, while conceding that the law of the case is there correctly stated, insist that the facts do not warrant its application here.

We find ourselves unable to concur in the view thus taken, and which was carefully elaborated upon the argument by the learned counsel for the defendants. The facts of this case differ somewhat from those of the Reichenbach Case, in that there was no written agreement entered into between these parties by which the employés undertook to give to their employers exclusive right in or control over any inventions discovered by or disclosed to the former; but we are unable to see how this strengthens the defendants' contention. In the case cited there happens to be an express contract, but nevertheless it is asserted, in the opinion of the court, and such is unquestionably the correct rule, that the law raises an implied contract that an employé who occupies a confidential relation towards his employer will not divulge any trade secrets imparted to him or discovered by him in the course of his employment; and we do not see why the defendants Gallus and Bostwick are not under just as strong an obligation to observe and keep sacred the trust reposed in them as they would be had they reduced the contract which the

law implies to writing. Nor does the fact that they entered the plaintiff's service while minors, and at first performed duties comparatively unimportant in their character, relieve them from a faithful observance of their obligation. Gallus, at least, was ultimately advanced to a position of great responsibility, and both of them had attained their majority before attempting to take improper advantage of the knowledge imparted to them while in the plaintiff's employ, and their present experiments are not in the direction of legitimate competition; but involve a breach of trust which we think the court should prevent. For these reasons we are of the opinion that the judgment appealed from should be reversed, and that a new trial should be granted.

Judgment reversed, and a new trial granted, with costs to abide the event. All concur, except GREEN and WARD, JJ., dissenting.[1]

---

[1] For dissenting opinion, see 38 N. Y. Supp. 1014.